**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JEFFERY T. PAGE,**

          **Petitioner,**

    **v.**                                        **CASE NO. 19-3020-JWL**

**COMMANDANT, United States
Disciplinary Barracks,**

          **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner at the United States Disciplinary Barracks (USDB), Fort Leavenworth, Kansas, challenges his confinement for twenty-six years, following his conviction by a general court-martial of unpremeditated murder in violation of Article 118, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 918.

**Procedural and Factual Background**

On May 15, 2014, petitioner was guarding an American Patriot Missile battery on a Royal Jordanian Air Base near Amman, Jordan. As Specialist AP (AP) approached to deliver lunch to petitioner and another soldier, petitioner placed his rifle on semi-automatic and aimed it at him. Petitioner squeezed the trigger and shot AP from approximately fifty-five feet away, striking him in the head. AP later died from his injuries.

Petitioner has maintained that he did not realize there was a chambered round in his rifle and that his shooting of AP was accidental. He entered a guilty plea to involuntary manslaughter in violation of Article 119, UCMJ, in exchange for a sentence cap and

the dismissal of a premeditated murder specification. The maximum punishment allowed for this charge is ten years' confinement, reduction to the lowest enlisted grade, and a dishonorable discharge.

Under the UCMJ, where an accused servicemember enters a plea to a lesser charge, the prosecution still may attempt to prove greater charges. Here, the military judge subsequently found petitioner guilty of one specification of unpremeditated murder in violation of Article 118, UCMJ, 10 U.S.C. § 918 and dismissed the specification of involuntary manslaughter as a lesser-included offense. The military judge sentenced petitioner to a term of 26 years, reduction to the lowest enlisted grade of E-1, and a dishonorable discharge.

Petitioner appealed to the Army Court of Criminal Appeals (ACCA). After briefing, that court denied petitioner's request for a hearing or oral argument, denied his claims, and approved the findings and sentence imposed. *United States v. Page*, No. 20150505, 2017 WL 4124856 (Army Ct. Crim. App. Sep. 14, 2017).[1]

Petitioner then unsuccessfully sought review before the Court of Appeals for the Armed Forces (CAAF).

**Standard of Review**

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). However, the Court's review of court-martial proceedings is limited. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). The Supreme Court has stated that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has

---

[1] The opinion is attached as Ex. 1 to the Answer and Return at Doc. 9-1.

taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Nixon v. Ledwith*, 635 F. App'x 560, 563 (10th Cir. Jan. 6, 2016)(unpublished)(quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)). Habeas corpus review in this context is generally limited "to jurisdictional issues and to determination of whether the military gave fair consideration to each of the petitioner's constitutional claims." *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007)(emphasis and internal quotation marks omitted).

It is the limited role of the federal habeas courts "to determine whether the military have given fair consideration to each of the petitioner's claims." *Id*. (citing *Burns*, 36 U.S. at 145); *see also Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

An issue is considered to have received full and fair consideration when it was briefed and argued to the military court, even if that court summarily resolved the issue. *See Roberts v. Callahan*, 321 F.3d 994, 997 (10th Cir. 2003). "When a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Thomas*, 625 F.3d at 670. Rather, when a federal court determines that a petitioner's claims received full and fair consideration in the military courts, it should deny the petition without addressing the merits. *Roberts*, 321 F.3d at 996.

**Motion to expand the record**

Petitioner moves to expand the record to present the following materials: petitioner's offer to plead guilty to manslaughter, the charging sheets, a social media posting from AP's mother, a complete

transcript of the pre-trial hearing, and an affidavit prepared by petitioner's trial defense counsel explaining his defense strategy. Respondent opposes the motion.

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts[2] provides that if the petition is not dismissed, "the judge may direct the parties to expand the record by submitting additional materials relating to the petition" and may require their authentication.

As the parties acknowledge, four of the five documents are part of the record of court-martial, and the Court has access to that material. The submission of this material therefore is more akin to the presentation of exhibits to highlight a portion of the lengthy record rather than an expansion of it. The fifth item, apparently a screenshot of a social media posting, is, as respondent argues, unauthenticated and of little weight in the determination of the fairness of the proceedings in the military courts. The Court will allow these submissions and has examined the materials in its review of the record.

**Analysis**

The petition presents two claims for relief. Ground 1 asserts that petitioner was denied his Sixth Amendment right to the effective assistance of counsel, and Ground 2 asserts that petitioner was subjected to an unconstitutional conviction and sentence.

*Ineffective assistance of counsel*

Petitioner contends that his trial counsel erred in failing to call at trial or sentencing any of the twelve witnesses who could have

---

[2] Rule 1(b) allows the district court to apply the rules to a habeas corpus petition filed under other provisions.

testified concerning his mindset at the time of the shooting.

These witnesses testified at the pretrial hearing conducted under Article 32 and included petitioner's squad leader, the service member who was standing inches away from petitioner in the guard shack at the time of the shooting, the junior medic who attended AP immediately after he was shot, three CID investigators, an AR 15-6 investigator, and leaders and soldiers acquainted with both petitioner and AP. All of the testimony offered at the Article 32 hearing showed that there was no indication that petitioner had a motive or intent to harm AP, that the shooting appeared to be unintentional, and that the initial assessment by investigators was that the shooting was due to negligence.

Petitioner presented claims of ineffective assistance to the ACCA in a submission under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982)[3]. He specifically challenged counsel's failure to call the witnesses who testified at the Article 32 hearing, his failure to introduce evidence that agents of the Air Force Office of Special Investigation (AFOSI) found that the shooting was the result of a negligent discharge of his weapon, and his failure to introduce evidence that the Criminal Investigation Command (CID) review of petitioner's laptop found no evidence of any motive or intent to harm AP.

The ACCA applied the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984) and addressed each point raised by petitioner. *See* Doc. 9-1, pp. 3-5. It first held no error occurred in the failure to call the witnesses at trial, stating that while their

---

[3] Under *Grostefon*, a military defendant may submit issues on appeal pro se even if proceeding with defense counsel and where counsel has declined to present the issues.

lay testimony concerning petitioner's lack of motive or specific intent was admissible at an Article 32 hearing, it was impermissible at trial under Military Rule of Evidence 602. The ACCA noted that defense counsel had used the cross-examination of government witnesses and direct examination of defense witnesses to develop circumstantial evidence of both unit leadership failures that arguably led to an unsafe culture of weapons handling and of petitioner's actions and statements surrounding the shooting. Finally, the ACCA observed that even if the opinion testimony of a lay witness were permissible at trial to establish petitioner's state of mind, such evidence "was a likely unsound tactical strategy" as it would allow the government to challenge these opinions and highlight unfavorable evidence in cross-examination.

Concerning the defense failure to present evidence of the AFOSI investigation, the ACCA noted that the investigation was conducted for only five hours before the CID assumed responsibility for it, that defense counsel interviewed the AFOSI agents, and that they would not testify that the petitioner's action was a negligent discharge of his weapon because such a conclusion was a premature characterization based on a temporary investigation. Based on these factors, the ACCA found that the decision not to present evidence of the AFOSI investigation was a reasonable tactical decision.

Likewise, the ACCA found no error in defense counsel's decision not to present evidence that petitioner's laptop held no evidence of motive or intent against AP. It noted that the key factor in issue was petitioner's state of mind at the moment he fired the weapon and that any evidence concerning the laptop's contents was of minimal importance.

The Court has carefully considered the analysis of the ACCA and concludes that petitioner's claims were given full and fair consideration as defined by the governing case law. The ACCA addressed petitioner's arguments under the correct standard announced in *Strickland* and provided a detailed analysis of his claims.

*Unconstitutional conviction and sentence*

Petitioner alleges that the evidence is insufficient to support his conviction and the resulting sentence. This claim was thoroughly briefed to the ACCA,[4] which summarily rejected it.[5]

Applying the narrow framework of review applicable in this habeas corpus action, the Court concludes that the issue of the sufficiency of the evidence of petitioner's guilt of unpremeditated murder was given full and fair consideration. *See Roberts*, 321 F.3d at 997 ("We have held that where an issue is adequately briefed and argued before the military courts the issue has been given fair consideration, even if the military court disposes of the issue summarily.")(citing *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)). Therefore, the decision of the military court withstands review.

## Conclusion

The Court has carefully considered the record and applied the narrow standard of review applicable in this military habeas corpus action. Because the record supports a finding that the military courts gave full and fair consideration to petitioner's claims, the Court concludes the petition must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED the respondent's motion to expand the record (Doc. 15) is granted.

---

[4] Petitioner's reply brief and request for oral argument appear at Doc. 9-7.
[5] *See* Doc. 9-1, p. 2 ("Appellant asserts four assigned errors, which merit no discussion or relief.").

IT IS FURTHER ORDERED the petition for habeas corpus is denied.

**IT IS SO ORDERED.**

DATED:  This 25th day of November, 2019, at Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> U.S. District Judge